NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FIDELITY & GUARANTY LIFE INSURANCE COMPANY, | : | |
| Plaintiff, | : | **OPINION** |
| v. | : | |
| DONNA D'ALESSANDRO and TERESA L. HACKWORTH, | : | Civ. No. 15-cv-05281 (WHW)(CLW) |
| Defendants. | : | |

**Walls, Senior District Judge**

Plaintiff Fidelity & Guaranty Life Insurance Company brings this interpleader action under 28 U.S.C. § 1335 against two potential beneficiaries of a life insurance policy seeking a judicial determination of Plaintiff's obligations under the policy. Plaintiff moves for an order (a) granting permission to deposit into the Registry of the Court the amount of $14,000, plus applicable interest, representing the underlying life insurance proceeds payable under the policy, (b) discharging Plaintiff from liability as to these proceeds, and (c) granting an award of reasonable attorneys' fees.

Neither Donna D'Alessandro nor Teresa L. Hackworth, the two defendants and potential beneficiaries, have opposed this motion. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is granted.

## BACKGROUND

For the purposes of this opinion, the Court assumes the truth of the following allegations in the complaint. Plaintiff Fidelity & Guaranty Life Insurance Company ("FG Life") is a

1

corporation organized under the laws of the State of Iowa with its principal place of business in Des Moines and is licensed to do business in New Jersey. Complaint, ECF No. 1 ¶ 1. Effective April 1, 2007, FG Life issued an annuity certificate L9151634 (the "policy") to Gerald V. D'Alessandro (the "Insured"). *Id.* ¶ 6. Defendant Donna D'Alessandro, a citizen of New Jersey and resident of Bayville, is the former wife of the Insured and was identified as the beneficiary of the policy on his application. *Id.* ¶¶ 2, 7. Defendant Teresa L. Hackworth, a citizen of Virginia and a resident of Chester, is the daughter of the Insured. *Id.* ¶ 3.

On May 11, 2015, FG Life received a request to change the beneficiary of the policy to Defendant Hackworth. *Id.* ¶ 4. Because the signature on the request was inconsistent with the signature on the policy's application, FG Life notified the Insured on May 13 that the request could not be processed until he verified his signature. *Id.* Gerald D'Alessandro died on May 17, 2015 before resubmitting the request with a verification of his signature. At the time of his death, the policy had a value of approximately $14,000 (the "death benefit"). *Id.* ¶ 9.

On May 20, 2015, FG Life received a telephone call from Donna D'Alessandro reporting Gerald D'Alessandro's death. *Id.* ¶10. That same day, FG Life received a fax from Terea Hackworth attaching "illegible copies of documents purported to support the May 11, 2015 beneficiary change request." *Id.* ¶ 11. On May 31, 2015, FG life received a claim for the death benefit from Donna D'Alessandro. *Id.* ¶ 12.

Plaintiff FG Life claims that it "cannot determine factually or legally which Defendant is the rightful owner of the Death Benefit" and "cannot pay the Death Benefit without risking exposure of itself to multiple liability." *Id.* ¶¶ 13, 14. FG Life further states that, "[a]s a mere stakeholder," it "has no interest in the Death Benefit (except to recover its attorney's fees and

costs of this action)" and "is ready, willing and able to pay the Death Benefit to whichever Defendant the Court shall designate." *Id.* ¶¶ 15, 16. FG Life requests that the Court:

> (i) Restrain and enjoin Defendants from instituting any action or proceeding in any state or federal court against FG Life for the recovery of the Death Benefit; (ii) Require that Defendants litigate or settle and adjust between themselves their claims for the Death Benefit, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Death Benefit should be paid; (iii) Permit FG Life to pay into the Registry of the Court the value of the Death Benefit; (iv) Dismiss FG Life with prejudice from this action, and discharge FG Life from any further liability upon payment of the Death Benefit into the Registry of this Court, or as otherwise directed by this Court; (v) Award FG Life its costs and attorney's fees; and (vi) Award FG Life such other and further relief as this Court deems just, equitable, and proper.

*Id.* ¶ 17.

On September 24, 2015, FG Life filed a motion seeking (a) permission to deposit the death benefit into the Court Registry under Fed. R. Civ. P. 67, (b) an order discharging FG Life from liability in this action with regard to the death benefit, (c) an award of costs and attorneys' fees for initiating and defending this action. ECF No. 5.

Neither Defendant has answered the complaint, opposed FG Life's motion to deposit funds, or otherwise made an appearance in this matter.

## STANDARD OF REVIEW

"[I]t has long been recognized that the interpleader statute," 28 U.S.C. § 1335, under which FG Life brings this action, "is remedial, aimed at assisting a party who fears the vexation of defending multiple claims to a fund or property under his control by providing him the opportunity to satisfy his obligation in a single proceeding." *NYLife Distrib., Inc. v. Adherence Group, Inc.*, 72 F.3d 371, 381 (3d Cir. 1995) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533 (1967)). "[I]nterpleader allows a stakeholder who 'admits it is liable to one of the claimants, but fears the prospect of multiple liability[,] . . . to file suit, deposit the property with the court, and withdraw from the proceedings." *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d

258, 262 (3d Cir. 2009) (quoting *Metro Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007)). The "competing claimants" are then "left to litigate between themselves, while the stakeholder is discharged from any further liability with respect to the subject of the dispute." *Id.* (internal quotations omitted).

"An interpleader action usually proceeds in two stages." *Stonebridge Life Ins. Co. v. Kissinger*, 89 F. Supp. 3d 622, 626 (D.N.J. 2015) (citing *Prudential*, 501 F.3d at 262). First, "the court determines whether the interpleader complaint was properly brought and whether to discharge the stakeholder from further liability to the claimants." *Prudential*, 501 F.3d at 262; *see also* 7 Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 1714 (3d ed. 2015). Second, "the court determines the respective rights of the claimants to the interpleaded funds." *Prudential*, 501 F.3d at 262 (citations omitted).

"If the stakeholder has a bona fide fear of adverse claims, interpleader relief is warranted." *CNA Ins. Companies v. Waters*, 926 F.2d 247, 251 (3d Cir. 1991) (citation omitted); *see also Stonebridge*, 89 F. Supp. 3d at 626 (The "key prerequisite . . . is that there be two or more claimants to the fund who are 'adverse' to each other.") (citing *New Jersey Sports Prod., Inc. v. Don King Prod., Inc.*, 15 F. Supp. 2d 534, 539 (D.N.J. 1998); 7 Wright & Miller § 1705. "This requirement is not met where (a) one of the claims is clearly devoid of substance; (b) one of the claimants is under the control of the stakeholder or has dropped his claim, such that the fear of multiple liability is baseless; or (c) the claims are not asserted against the same fund, or the stakeholder may be liable to both claimants." *Stonebridge*, 89 F. Supp. 3d at 626 (citations omitted).

## DISCUSSION

**1. The Interpleader Complaint is properly brought.**

At this stage, the Court must determine "whether the interpleader complaint was properly brought and whether to discharge the stakeholder from further liability to the claimants." *Prudential*, 501 F.3d at 262. Plaintiff FG Life claims no interest in the death benefit, ECF No. 1 ¶ 15, and submits this motion seeking permission to "deposit the property with the court[ ] and withdraw from the proceedings." *Prudential*, 553 F.3d at 262. FG Life is precisely the type of party authorized to bring an action under the interpleader statute.

The Court also finds that FG Life has a "bona fide fear of adverse claims" warranting interpleader relief. *CNA Ins. Companies*, 926 F.2d at 251. According to the complaint, Defendant D'Alessandro was the policy's original beneficiary, ECF No. 1 ¶ 7, and Defendant Hackworth was the intended new beneficiary under the request submitted on May 11, 2015. *Id.* ¶ 8. FG Life has stated it "cannot determine factually or legally which Defendant is the rightful owner of the Death Benefit." *Id.* ¶13. Though only Donna D'Alessandro has formally submitted a claim to the death benefit, *id.* ¶ 12, the May 20, 2015 submission of "documents purported to support the May 11, 2015 beneficiary change request" by Hackworth, *id.* ¶ 11, indicates that Hackworth will also assert a claim to the death benefit. Given the timing of the Insured's death and the unsettled validity of the beneficiary change request, neither Defendant's claim is "clearly devoid of substance." Nor is either Defendant under the control of FG Life, and neither has dropped her claim or asserted a claim to separate funds. *Stonebridge*, 89 F. Supp. 3d at 626 (citations omitted). FG Life's "fear of adverse claims" is "bona fide," and the interpleader action is appropriate. *CNA Ins. Companies*, 926 F.2d at 251. It follows that FG Life may deposit the death benefit and withdraw from the proceedings. *Prudential*, 553 F.3d at 262.

### 2. The deposit of the death benefit under Fed. R. Civ. P. 67 is warranted.

FG Life seeks to deposit the funds representing the death benefit with the Court under Fed. R. Civ. P. 67. Rule 67 allows a party in a case where "any part of the relief sought is a money judgment or the disposition of a sum or money or some other deliverable thing" to deposit that money or thing with the court "on notice to every other party and by leave of court." Fed. R. Civ. P. 67. "The purpose of a deposit in court is to relieve the depositor of responsibility for a fund in dispute, while the parties litigate their difference with respect to the fund." *Progressive Cas. Ins. Co. v. Drive Trademark Holdings LP*, 680 F. Supp. 2d 639, 641 (D. Del. 2010) (quoting 13 James Wm. Moore, et al., Moore's Federal Practice § 67.02 (3d ed. 2009). The decision whether to allow a Rule 67 deposit "lies within the discretion of the Court." *Id.* (citing *Cajun Elec. Power Co-op., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 445 (5th Cir. 1990); *Browning Ferris, Inc. v. Montgomery County*, 1990 WL 131937, at *2 (E.D. Pa. Sept. 4, 1990)).

To repeat, Plaintiff brings this interpleader action to relieve itself of responsibility for the death benefit while the Defendants "litigate their difference with respect to the fund." *Progressive*, 680 F. Supp. 2d at 641. Because the interpleader action is appropriate for the reasons already explained, the Court will allow FG Life to deposit the death benefit into the Court Registry under Rule 67.

### 3. FG Life is entitled to reasonable attorneys' fees.

In interpleader actions, "[a] court has the discretion to award to an interpleader plaintiff attorneys fees and costs if the plaintiff is (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability." *Stonebridge*, 89 F. Supp. 3d at 627 (quoting *Metropolitan Life Ins. Co. v. Kubicheck*, 83 F. App'x 425, 431 (3d Cir. 2003); *see also Septembertide Publishing Co. B.V. v. Stein and*

*Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989). "Because the stakeholder is considered to be helping multiple parties to an efficient resolution of the dispute in a single court, courts find that the stakeholder attorney's fees are justified." *Id.* (quoting *Banner Life Ins. Co. v. Lukacin*, 2014 WL 4724902, at *3 (D.N.J. Sept. 22, 2014)).

Here, to repeat, FG Life is (1) a disinterested stakeholder who (2) has conceded liability, (3) seeks to deposit the disputed funds with the Court, and (4) seeks a discharge from liability. Because the Court grants permission to deposit the funds with the Court and discharges FG Life from liability, the Court will also allow FG Life to offset its reasonable legal fees and costs. FG Life specifically seeks $2,500 in fees, which it claims represent not the "full amount of fees incurred, but rather, only [a] compromised sum." ECF No. 5 at 7. Defendants have not contested this amount, and the Court finds it is reasonable.

## CONCLUSION

Plaintiff FG Life has met the requirements of the interpleader statute. Because of this, the Court grants FG Life's motion to deposit the sum of the $14,000 plus interest, representing the death benefit, minus $2,500 in costs and attorneys' fees, into the Court Registry. The Court also discharges FG Life from liability as to these proceeds. An appropriate order follows.

DATE: 2 December 2015

William H. Walls
Senior United States District Court Judge