NOT FOR PUBLICATION                                                      CLOSE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FIDELITY & GUARANTY LIFE INSURANCE COMPANY, | : : : | |
| Plaintiff, | : : | **OPINION** |
| v. | : : | |
| DONNA D'ALESSANDRO and TERESA L. HACKWORTH, | : : : | Civ. No. 15-cv-05281 (WHW)(CLW) |
| Defendants. | : : : | |

**Walls, Senior District Judge**

In this interpleader action, the pro se Claimant Donna D'Alessandro asserts a claim to the proceeds of an annuity certificate issued by Plaintiff Fidelity & Guaranty Life Insurance Company ("Fidelity"). In a previous order, the Court recharacterized Claimant D'Alessandro's claim as a request for entry of default and motion for default judgment. Decided without oral argument under Fed. R. Civ. P. 78, Claimant D'Alessandro's motion for default judgment is granted.

**BACKGROUND**

The factual history of the case is described in this Court's December 2, 2015 opinion granting Plaintiff Fidelity's motion to deposit funds and incorporated by reference here. ECF No. 6 at 1-3. In short, Claimants Donna D'Alessandro and Teresa L. Hackworth are the potential beneficiaries of annuity certificate L9151634, issued by Plaintiff Fidelity to Decedent Gerald V. D'Alessandro on April 1, 2007. Complaint, ECF No. 1 ¶¶ 1-7. Claimant Donna D'Alessandro, the ex-wife of Gerald D'Alessandro, was the original beneficiary of the certificate. *Id.* ¶ 7. On

1

May 11, 2015, Fidelity received a request to make Claimant Hackworth the beneficiary of the certificate but did not process the request because Gerald D'Alessandro's signature on the request did not match the one on his policy application. *Id.* ¶ 8. Gerald D'Alessandro died on May 17, 2015. *Id.* ¶ 9. After receiving a claim for the annuity certificate funds from Claimant Donna D'Alessandro and additional documents purporting to support the change-of-beneficiary request from Claimant Hackworth on May 20, 2015, Fidelity filed an interpleader complaint naming Donna D'Alessandro and Teresa Hackworth as defendants and seeking to deposit the funds with this Court and be discharged from any further liability to either Claimant. ECF No. 1. On January 15, 2016, the Court granted Fidelity permission to deposit funds in the total amount of $9,721.48, representing the value of the annuity certificate, minus $2,500 in authorized costs and legal fees ("the Funds"), ECF No. 9, and Fidelity did so on March 17, 2016. ECF No. 11.

On February 18, 2016, Claimant Donna D'Alessandro filed a *pro se* letter with this Court asserting her claim to the Funds. ECF No. 10. Donna D'Alessandro states that she and Gerald D'Alessandro purchased the annuity certificate after their divorce in 2007 and listed Donna D'Alessandro as the beneficiary with the understanding that the funds would be used to pay primarily for Gerald D'Alessandro's cremation/memorial arrangements. *Id.* at 1. Any remainder would be given by Donna D'Alessandro to their two children, Nicholas and Amanda D'Alessandro. *Id.* Claimant Donna D'Alessandro states that she visited Gerald D'Alessandro in a hospice on May 10, 2015, the day before he allegedly submitted the Teresa Hackworth change-of-beneficiary request to Fidelity, and that he did not mention the request. *Id.* At that point, according to Donna D'Alessandro, Gerald D'Alessandro had received administered morphine for three days and was "in and out," and any attempt to change the beneficiary of the annuity certificate did not occur when he was "of sound mind." *Id.* Donna D'Alessandro states that she

paid for Gerald D'Alessandro's cremation with her own funds, expecting to be repaid with the Funds from the annuity certificate, but that she has been informed the account is "on hold" pending the resolution of this matter. *Id.*

On March 22, 2016, the Court issued an order "recharacterizing" Claimant D'Alessandro's letter as a request for default and motion for default judgment against Claimant Hackworth under Fed. R. Civ. P. 55. ECF No. 12 at 3-4 (citing *Castro v. United States*, 540 U.S. 375, 381-82 (2003)). To ensure that Claimant Hackworth was aware of D'Alessandro's letter motion for default judgment and had an opportunity to respond and assert her own claim to the Funds, the Court:

1. Ordered Claimant D'Alessandro to serve copies of her letter motion for default judgment, ECF No. 10, and the Court's order, ECF No. 12, on Claimant Hackworth by U.S. mail;
2. Ordered Claimant D'Alessandro to file a signed certification stating that she had served Claimant Hackworth with the letter motion and order and requesting the Clerk of Court to enter default against Claimant Hackworth; and
3. Ordered Claimant Hackworth to respond to Claimant D'Alessandro's letter motion within twenty-one (21) days of the filing of Claimant D'Alessandro's certification.

ECF No. 12 at 4.

On April 4, 2016, Claimant D'Alessandro filed a certification of service and request for entry of default. ECF No. 13. The Clerk of Court entered default against Claimant Hackworth on April 26, 2016.

More than 21 days have passed since Claimant D'Alessandro filed the certification of service, and Claimant Hackworth has not entered an appearance, opposed Claimant

D'Alessandro's letter motion for default judgment, or otherwise asserted her claim to the Funds. The Court will now address the motion for default judgment.

## STANDARD FOR DEFAULT JUDGMENT

When evaluating a motion for default judgment under Fed. R. Civ. P. 55, courts in the Third Circuit consider three factors: (1) whether there is prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). A court must treat "the factual allegations in a complaint, other than those as to damages . . . as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005). A court must also make "an independent inquiry into whether the unchallenged facts constitute a legitimate cause of action" and "must make an independent determination" regarding questions of law. *See Days Inn Worldwide, Inc. v. Mayu & Roshan, L.L.C.*, No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (citations omitted). Similarly, a court does not accept as true allegations pertaining to the amount of damages, and may employ various methods to ascertain the amount of damages due. While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## DISCUSSION

### I.  Default judgment is appropriate.

An interpleader action generally proceeds in two stages. "First, the Court must determine whether the interpleader complaint was properly brought and whether to discharge the

stakeholder from further liability to the claimants." *Stonebridge Life Ins. Co. v. Kissinger*, 89 F. Supp. 3d 622, 626 (D.N.J. 2015) (citing *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009)). The Court has done this, granting Fidelity's motion to deposit the Funds and be discharged from liability with respect to the Funds. ECF No. 6; ECF No. 9 (amending ECF No. 6 to correct value of the Funds). "Second, the Court must determine the rights of the claimants to the funds." *Stonebridge Life Ins. Co.*, 89 F. Supp. 3d at 626 (citing *Prudential Ins. Co. of Am.*, 553 F.3d at 262).

Claimant Donna D'Alessandro's February 18, 2016 letter motion addresses this second determination, asserting her right to the Funds. ECF No. 11. Claimant D'Alessandro alleges that she was the original beneficiary of the Funds, ECF No. 10 at 1, a claim that is consistent with the allegation in Fidelity's complaint. ECF No. 1 ¶ 7. Claimant Donna D'Alessandro also states her belief that the "beneficiary change attempt . . . happened while [Gerald D'Alessandro] was [not] of sound mind" because "he was dying, stressed and under the influence of morphine." ECF No. 10 at 1. In any event, Fidelity states that it last received "illegible copies of documents" in support of the beneficiary change request on May 20, 2015, ECF No. 1 ¶ 11, but did not complete the change of beneficiary. Fidelity does not report having received any further documentation in support of the request, *see id.*, and Claimant Hackworth states that she "understand[s] this case will be uncontested." ECF No. 10 at 2. The Court finds that Claimant D'Alessandro has asserted a valid right to the Funds.

Under the *Chamberlain* factors, default judgment is appropriate. Claimant D'Alessandro will suffer prejudice if default is denied because the Funds were intended to cover Gerald D'Alessandro's cremation, memorial service, and newspaper obituary expenses. Claimant D'Alessandro and her children have paid for these services out-of-pocket, and she has waited

nearly a year for reimbursement. ECF No. 10 at 1-2. Claimant Hackworth has not presented any facts or arguments to suggest that she has a valid claim to the Funds. It is not clear if Claimant Hackworth's failure to litigate is the result of willful or bad faith conduct, but she has failed to retain counsel or otherwise respond in the nine months since the filing of the complaint. Having considered these three factors, the Court finds that default judgment is appropriate.

## II.     The amount of the Funds is satisfactorily established.

On January 15, 2016, the Court issued an order granting Fidelity permission to deposit the Funds (in the total amount of $9,721.48 plus applicable interest, minus $2,500 in authorized costs an attorneys' fees) into the Court Registry. ECF No. 9. On March 17, 2016, the Clerk issued a certificate of a cash deposit from Fidelity in the amount of $7,289.98. ECF No. 11. Claimant D'Alessandro asserts her claim to the Funds and does not contest this amount.

## CONCLUSION

Claimant D'Alessandro's letter motion for default judgment is granted. The Clerk of Court shall enter judgment in favor of Claimant D'Alessandro and authorize payment of the deposited Funds to her. An appropriate order follows.

DATE: 17 May 2016

William H. Walls
Senior United States District Court Judge